**IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS**
**CIVIL DIVISION**

FILED

**ELIZABETH A. BALCOM and**
**CURTIS J. BALCOM**

2011 MAY  6  AM 8 09

**PLAINTIFFS**
JEANNIE PIKE

VS.                    CASE NO.: W 2011-479-II GARLAND CO. CIRCUIT CLERK

BY

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I,**
**INC. TRUST 2007-NCI MORTGAGE PASS-THROUGH**
**CERTIFICATES, SERIES 2007-NCI AND MORTGAGE**
**ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)**
**AS NOMINEE FOR NEW CENTURY MORTGAGE CORPORATION**
**AND OCWEN LOAN SERVICING, LLC SUCCESSOR**
**SERVICER TO SAXON MORTGAGE SERVICES**                    **DEFENDANTS**

**VERIFIED COMPLAINT AND MOTION FOR**
**ORDER FOR TEMPORARY INJUNCTION**

Come now the Plaintiffs, Elizabeth and Curtis Balcom, by an through their attorneys,

Kathy A. Cruz, the Cruz Law Firm, P.L.C., and Joel G. Hargis of Crawley, DeLoache & Hargis,

PLLC, and for their Complaint against Deutsche Bank National Trust Company as Trustee for

Morgan Stanley ABS Capital I, Inc. Trust 2007-NCI Mortgage Pass-Through Certificates, Series

2007-NCI and Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for New

Century Mortgage Corporation and Ocwen Loan Servicing, LLC Successor Servicer to Saxon

Mortgage Services and their Motion for Temporary Restraining Order, state and alleges as

follows:

**JURISDICTION AND PARTIES**

1. At all times relevant herein, Plaintiffs have been and remain residents of the State of

Arkansas and are domiciled in Garland County.

2. The property which is the subject matter of this action and is currently the subject of a non-judicial foreclosure action under Ark. Code Ann. § 18-50-101, *et seq.* is located at 7 Placa Place, Hot Springs Village, Arkansas 71909.

3. Upon information and belief, Defendants, Deutsche Bank National Trust Company was and is a national trust company that maintains an office at 1761 East Saint Andrews Place, Santa Ana, CA 92705. Upon information and belief, Deutsche Bank National Trust Company is not registered to do business in the State of Arkansas, and a check of the Arkansas Secretary of States electronic data base and a check of the Arkansas Banking Commission's list of "Out of state banks holding Certificates of Authority to do business in Arkansas," last updated on January 6, 2011, shows no registrations for Deutsche Bank National Trust Company. However, Deutsche Bank National Trust Company has maintained significant contacts within the State of Arkansas, and is, therefore, subject to both the subject matter and personal jurisdiction of this Court. Deutsche Bank National Trust Company  may be served by Service of Process upon an out of state bank officer.

4. Upon information and belief, Defendant, Morgan Stanley ABS Capital I, Inc. Trust is not a bank, savings and loan or a mortgage company pursuant to A.C.A. § 18-50-101 and may be served via Deutsche Bank National Trust Company as trustee for Morgan Stanley ABS Capital I, Inc.

5. Upon information and belief, Mortgage Electronic Registration Systems, Inc., is a corporation acting solely as nominee for New Century Mortgage Corporation and its successors or assigns. The Mortgage Electronic Registration Systems, Inc.'s primary purpose is to facilitate the sale and resale of instruments in "the secondary mortgage market..." and to act as agent for "every Mortgage Electronic Registration Systems, Inc., member lender who acquires

ownership." (*See Mortgage Electronic Registration Sys. v. Southwest Homes of Ark.,* 2009 Ark. 152, 301 S.W. 3d 1 (Ark. 2009). Mortgage Electronic Registration Systems, Inc., is not a bank, mortgage company (as defined by ACA § 18-50-101 (5)[1], or savings[1] and loans as it is not the beneficiary of deeds of trust or intended mortgagee under a mortgage, such as the Plaintiff's herein. *Id.* Mortgage Electronic Registration Systems, Inc. may be served by service of process on its registered agent for service of process, Mortgage Electronic Registrations Systems, Inc., c/o the Corporation Company, 124 W. Capitol Ave., Ste. 1400, Little Rock, AR 72201.

6. New Century Mortgage Corporation filed bankruptcy in 2007 and will not be served.

7. Ocwen Loan Servicing, LLC is registered to do business in the State of Florida and will be served at its primary location of 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

8. Saxon Mortgage Services, Inc. is registered to do business in the State of Arkansas and will be served through its registered agent of service, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201

9. All allegations and actions contained herein occurred within the State of Arkansas and Garland County.

10. Jurisdiction and venue are therefore proper in this Court.

## FACTUAL BACKGROUND

A. The Foreclosure Crisis

---

[1]ACA § 18-50-101 (5) as follows: "Mortgage company" means any private, state, or federal entity which in the usual course of its business is either the mortgagee or beneficiary of a deed of trust or mortgage.

3

11. Over the last three years, the United States has been in a foreclosure crisis. A

congressional oversight panel has recently noted that one in eight mortgages in the United States

is currently in foreclosure or default.[2]

12. In testimony before the United States Senate Subcommittee on Administrative

Oversight and the Courts of the Committee on the Judiciary on July 23, 2009, Alys Cohen of the

National Consumer Law Center testified as follows:

> Goldman Sachs estimates that, starting at the end of the last quarter of
> 2008 through 2014, 13 million foreclosures will be started. the Center for
> Responsible Lending, based on industry data, predicts 2.4 million
> foreclosures in 2009, and a total of 9 million foreclosures between 2009
> and 2012. at the end of the first quarter of 2009, more than 2 million
> homes were in foreclosure. Over twelve percent of all mortgages had
> payments past due or were in foreclosure and over seven percent were
> seriously delinquent – either in foreclosure or more than three months
> delinquent. Realtytrac recently reported an additional 300,000 homes go
> into foreclosure every month. These spiraling foreclosures weaken the
> entire economy and devastate the communities in which they are
> concentrated. Neighbors lose equity; crime increases; tax revenue
> shrinks.

("Cohen Testimony,")[3]

## B. Arkansas Statutory Foreclosure Act –ACA § 18-50-101 et seq.

13. Arkansas Code Annotated § 18-50-101 et. seq. (hereinafter referred to as "the

ASFA") was enacted by the Arkansas General Assembly (hereinafter referred to as "the General

Assembly") enacted the ASFA in order to "provide an *efficient* and *fair* procedure for the

---

[2]Congressional Oversight Panel, Oct. 9, 2009 report at 3. Available at:
http://cop.senate.gov/reports/library/report100909-cop.cfin.

[3]Available online at:
http://www.consumerlaw.org/issues/mortgage_servicing/content/Testimony-
Worsening_forecl_072309.pdf.

liquidation of defaulted mortgage loans to the benefit of both the homeowner and the mortgage lender." (Emphasis added) (Acts 1987 No. 53, § 19: Feb. 18, 1987; Emergency Clause).

14. the ASFA, as enacted and modified from time to time by the General Assembly, contains requirements that must be met in order for a mortgagee to avail themselves of the right to employ the ASFA.

15. Pertinent to the instant case, ACA § 18-50-116 and 117[4] requires that any entity employeing the use of the ASFA to foreclose on property in this state be a "mortgagee or beneficiary [who] is a mortgage company as defined in § 18-50-101[5] or is a bank or savings and loan" and that it be "authorized to do business in this state."

16. As to ACA § 18-50-117, specifically, pursuant to the emergency clause of Acts 2003, No. 1303, § 3: Apr. 14, 2003, the General Assembly found that, "foreign entities not authorized to do business in the State of Arkansas are availing themselves to provisions of the Statutory Foreclosure Act of 1987; that often times it is to the detriment of Arkansas citizens; and that this act is immediately necessary because these entities should be authorized to do business in the State of Arkansas before being able to use the Statutory Foreclosure Act of 1987."

17. Pursuant to ACA § 18-50-116(d)(2)(A)(B)(ii) nothing in this chapter shall be construed to impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.

---

[4]The requirements of these two statutes must be read together in order for them to have nay intelligible effect on the ASFA.

[5]Pursuant to ACA § 18-50-101(1) and (6), a beneficiary is "a person named or otherwise designated in a deed of trust as the person for whose benefit a deed of trust is given or his successor in interest," and a mortgage is "the person holding an interest in real property as security for the performance of an obligation or his or her attorney-in-fact appointed pursuant to this chapter."

5

18. I f the mortgagor fails to raise his or her legal or equitable rights in a court of competent jurisdiction before the sale of the property, then the mortgagor will waive such right or defense to the sale. However, the General Assembly added specific protections provided to the mortgagor to protect his property interest should the mortgagee or trustee fail to properly execute a foreclosure sale pursuant to the ASFA. While ACA § 18-50-116 provides for the waiver of any defenses that the mortgagor could have raised prior to the foreclosure sale, it allows for the assertion of the following claims:

§ 18-50-116(d)(2)(b)(I) Fraud; or (ii) Failure to *strictly comply*
with the provisions of this chapter, including without limitation
subsection (c) of this section.

(Emphasis added).

19. Moreover, because the ASFA, abrogates the common law and allows for the taking of property without judicial oversight, the Arkansas Supreme Court, discussing the ASFA, held that, "Any statute which is in derogation of or at variance with the common law must be strictly construed." *Henson v. Fleet Mortg. Co.,* 319 Ark. 491, 497 (Ark. 1995).

20. Additionally, ACA § 18-50-116 specifically states that only banks, mortgage companies, and savings and loans can avail themselves of the procedures in ACA § 18-50-101 et seq., ACA § 18-50-117 requires any entity availing itself of the procedures in ACA § 18-50-101 et seq. to also be registered to do business in this state. As national banks are not regulated by the State of Arkansas, and the WINGO act excuses from registration those engage in writing mortgages, there is no way to read ACA § 18-50-117 with ACA § 18-50-116 and to give full meaning to ACA § 18-50-117 since the only entities allowed to proceed pursuant to ACA § 18-50-116 are mortgage companies, banks and savings and loans, and those entities are excluded from registration to do business in this state via the National Banking Act and the WINGO act.

6

21. This issue has not yet been resolved by the Arkansas Supreme Court. Until the Arkansas Supreme Court rules on this issue, ACA § 18-50-117 has to be given its full meaning. Therefore Fannie Mae, by virtue of the fact that it is not authorized to do business in the State of Arkansas, it is, therefore, not authorized to proceed with a non-judicial foreclosure pursuant to ACA § 18-50-101 et seq.

22. Even though MERS is registered to do business in this state it is acting solely as nominee or agent of New Century and it's successors in intern who are a mortgage company as it has no interest in the mortgage, neither Deutsche Bank National Trust Company nor the trust can avail themselves to the provisions of ACA § 18-50-101 *et seq.*

C. The Plaintiff's Loan

23. The Plaintiffs financed their home located at ~~Springs Village~~ ~~, on or~~ about August 31, 2006.

24. The note was secured by a mortgage of even date therewith, naming New Century Mortgage Corporation, a corporation that existed under the laws of the State of Delaware, as the "Lender." The mortgage also names MERS a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and "assigns."

25. As of the date this complaint was filed, Plaintiffs' home is set to be sold on May 6, 2011 at 9:30 a.m. in Hot Springs, Arkansas.

26. Plaintiffs' affirmatively state that Defendants have failed to implement practices and procedures to help in the effective servicing of mortgage accounts, and that such failure has directly lead to the wrongful foreclosure of the Plaintiffs' home, and the Plaintiffs requests for loan modifications pursuant to any government program to help ailing homeowners have all been denied.

7

27. If the Defendants are allowed to proceed pursuant to ACA § 18-50-101 et seq., and the Plaintiffs' interest in their homestead is foreclosed, they will suffer irreparable harm, and be forced to vacate their residence. The costs of any appeal would be beyond the Plaintiffs' ability to pay as Plaintiffs' could be required to post a bond to appeal if Plaintiffs' interest in their residence is foreclosed.

## COUNT I
## BREACH OF CONTRACT/BREACH OF DUTY
## OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs repeat and re-allege the allegations of paragraph 1 through 27 above as if set forth herein word for word.

29. Plaintiffs have suffered harm and is threatened with additional harm from Deutsche Bank National Trust Company 's breach of good faith and fair dealing by Deutsche Bank National Trust Company 's attempt to use ACA 18-50-101 et seq when the Arkansas legislature clearly prohibits the use of ACA 18-50-101 et seq by entities not registered to do business in Arkansas. Plaintiffs have suffered harm in the form of foreclosure activity against their home and damage to their credit.

30. Plaintiffs are entitled to their actual damages, any foreseeable consequential damages, and pursuant to ACA § 16-22-308, the Plaintiffs are entitled to an award of their reasonable attorney's fee.

## COUNT II
## VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

31. Plaintiffs request and re-allege the allegations of paragraphs 1 through 30 above as if set forth herein word for word.

8

32. For the claims of violation of the Arkansas Deceptive Trade Practices Act ("the Act"), Plaintiffs allege that Deutsche Bank National Trust Company has violated Ark. Code Ann. § 4-88-107(a)(1), (a)(3), (a)(8), and (a)(10), as follows: to wit availing themselves of ACA 18-50-101 et seq when specifically forbidden to do so pursuant to ACA 18-50-117.

33. Plaintiffs have a private right of action under the Act and are entitled to compensatory damages and reasonable attorney's fees.

## COUNT III
## VIOLATION OF THE ARKANSAS
## FAIR DEBT COLLECTION PRACTICES ACT
### ACA § 17-24-501 et.seq.

34. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 33 above as if set forth herein word for word.

35. Under the Arkansas Fair Debt Collection Practices Act (hereinafter "AR-FDCPA"), Deutsche Bank National Trust Company is a "debt collector" pursuant to ACA §17-24-502(5)(C) and 17.24-507(b)(6) because it "uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection fo debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and "threatening to take a non-judicial action to effect dispossession or disablement of property" without the present right to possession of the property claimed as collateral under the Plaintiffs' mortgage.

36. Deutsche Bank National Trust Company has violated the provision of the AR-FDCPA as follows:

a. by generally engaging in false, deceptive, or misleading representations or means of collecting a debt - AR-FDCPA § 17-24-506(a);

9

b. by falsely representing the "character, amount, or legal status" of the debt owed
– AR-FDCPA § 17-24-506(b)(2)(a);

c .by threatening to sale property they are not legally entitled to sell – AR-FDCPA
§ 17-24-506(b)(4);

d. by threatening action that cannot legally be taken – AR-FDCPA § 17-24-50
6(b)(5);

e. by communicating to the general public by virtue of posting a notice of default
at the  Pike County Courthouse– AR-FDCPA § 17-24-506(b)(8);

f. by generally engaging in the use of unfair or unconscionable means to collect
or attempt to collect a debt - AR-FDCPA § 17-24-507(a)

37.  Under the AR-FDCPA § 17-24-512, Deutsche Bank National Trust Company is
liable for actual damages, additional statutory damages in the amount of $1000.00, attorney fees
and costs.

## COUNT IV
## GROSS NEGLEGENCE

38.  Plaintiff repeats and re-alleges the allegations of paragraph 1 through 37 above as if
set forth herein word for word.

39.  The Defendants have failed to implement any meaningful procedures to protect those
similarly situated as the Plaintiffs, herein, from acts as described herein.

40.     The Defendants owed a duty of care to the Plaintiffs.

41.     Defendants have failed to exercise a standard of care that a reasonable person
would have exercised in their capacity, and their acts and omissions, have directly resulted in
damages to the Plaintiffs as herein.

10

42.     Defendants are therefore liable to Plaintiffs for exemplary damages in an amount to be set by this Court.

## COUNT VI
## MOTION FOR TEMPORARY INJUNCTION

43. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 42 above as if set forth herein word for word.

44. Deutsche Bank National Trust Company 's threatened foreclosure sale of Plaintiffs' home that is to take place on May 6, 2011, will irreparably harm Plaintiffs because it will cause the loss of their home.

45. Upon information and belief, Plaintiff believes that she will prevail in a trial on the merits in this case.

46. Based on the foregoing, the Court should enter an Order enjoining Deutsche Bank National Trust Company and Morgan Stanley ABS Capital I Inc. Trust from going forward with the foreclosure sale of Plaintiffs' home in order that a trial on the merits may be had.

47. Pursuant to Arkansas Rule of Civil Procedure Rule 65 and based on their herein verified complaint, Plaintiffs specifically requests a restraining order be put in place until such time as this Court or any of the named Defendants requests a hearing on the same.

48. Plaintiffs demand a jury trial.

49. Plaintiffs reserve the right to amend this pleading if other facts or claims come to light during discovery.

WHEREFORE, premises considered, Plaintiffs respectfully pray as follows:

11

A. That the Defendants be temporarily enjoined from conducting a foreclosure sale of the Plaintiffs' home on May 6, 2011, until a trial on the merits of this case is had and the determination of the parties rights are determined including whether Deutsche Bank National Trust Company has authority to proceed pursuant to ACA § 18-50-101 et seq;

B. That the Plaintiffs have and recover from the Defendants an award of compensatory damages in an amount determined by this Court;

C. That the Plaintiffs have and recover from the defendant an award of punitive damages in an amount determined by this Court;

D. That the Plaintiffs have and recover an amount from the Defendants for their attorney's fees and costs incurred herein; and,

E. For all other relief to which they may be entitled.

Respectfully submitted,
Elizabeth and Curtis Balcom, Plaintiffs

By:

Joel G. Hargis
Arkansas Bar #2004-007
Crawley, DeLoache & Hargis, PLLC
533 West Washington
Jonesboro, AR 72401
(870) 972-1127 (PH)
(870) 972-1787 (FX)
joel@crawleydeloache.com

By:

Kathy A. Cruz
Arkansas Bar #87079
the Cruz Law Firm, P.L.C.
1325 Central Ave.
Hot Springs, AR 71901
(501) 624-3600 (PH)
(501) 624-1150 (FX)
kathycruzlaw@gmail.com

## VERIFICATION OF COMPLAINT

We, Elizabeth and Curtis Balcom, having read the foregoing Complaint do swear and affirm that the facts as presented are true and correct to the best of our knowledge and affix our signatures hereto as a testament thereof. Dated this __10th__ day of May, 2011.

Plaintiff: _Elizabeth A Balcom_
Elizabeth Balcom

Plaintiff: _Curtis Balcom_
Curtis Balcom

STATE OF ARKANSAS )
COUNTY OF _Garland_ )

SUBSCIBED AND SWORN to before me, a Notary Public, this __10th__ day of May, 2011.

My Commission Expires:

COURTNEY P. PEAKE
MY COMMISSION # 12369526
EXPIRES: January 30, 2019
Garland County

_Courtney P Peake_
NOTARY PUBLIC

13