IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELIZABETH A. BALCOM and
CURTIS J. BALCOM                                        PLAINTIFFS

v.                          CASE No. 11-6043

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY ABS CAPITAL I, INC.
TRUST 2007-NCI MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-NCI, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS), AS NOMINEE FOR NEW
CENTURY MORTGAGE CORPORATION,
and OCWEN LOAN SERVICING, LLC,
SUCCESSOR SERVICER TO SAXON
MORTGAGE SERVICES                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 10) and Plaintiffs' Response and Memorandum of Support. (Docs. 23, 24). Also before the Court is the parties' Joint Motion to Continue the Trial Date (Doc. 29). For the reasons set out below, Defendant's Motion to Dismiss (Doc. 10) is **DENIED** and the Motion for Continuance (Doc. 29) is **DENIED.**

I.   **Background**

On March 2, 2011, Defendants issued a Mortgagee's Notice of Default and Intention to Sell Plaintiffs' home pursuant to the Arkansas Statutory Foreclosure Act of 1987, Ark. Code Ann. §§ 18-50-101, *et seq*. On March 9, 2011, Plaintiff Curtis Balcom

filed a chapter 13 bankruptcy petition, ending that non-judicial foreclosure. On May 6, 2011, the scheduled date of the foreclosure sale, Plaintiffs sought and received a temporary restraining order from the Circuit Court of Garland County, Arkansas, preventing the sale. (Doc. 24). In addition to seeking a TRO, the Complaint also alleged breach of contract, gross negligence and violation of the Arkansas Fair Debt Collection Act and Arkansas Deceptive Trade Practices Act. The Defendants removed the matter to this Court, where it has remained since June 6, 2011. (Doc. 1).

In October 24, 2011, counsel for Defendants contacted counsel for Plaintiffs via email to discuss resolution of the matter. Plaintiffs' counsel replied the state court action was necessary because of fear the non-judicial foreclosure sale would be executed even in the wake of the automatic stay triggered by the chapter 13 filing. They further advised that any settlement would have to be approved by the chapter 13 Trustee. On November 18, 2011, Defendants' counsel approached Plaintiffs' counsel with an offer to provide a letter reflecting Defendants would not proceed with the foreclosure without the bankruptcy court's authorization. Plaintiffs' counsel did not respond. (Docs. 10, 24). The parties have not communicated since November 18, 2011. There has been no Rule 26(f) conference, no discovery and no additional settlement attempts.

On January 19, 2012, Defendants filed a Motion to Dismiss the action pursuant to Federal Rule of Civil Procedure 41(b), describing Plaintiffs' complaint as "frivolous." (Doc. 10). Plaintiffs responded that it is not in the best interests of the public, the unsecured creditors, the bankruptcy estate or the Plaintiffs for the pending litigation to be dismissed. (Doc. 24).

## II.  Standard of Review

Under Federal Rule of Civil Procedure 41(b), if the plaintiff fails to prosecute or comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision operates as adjudication on the merits.  Dismissal for failure to prosecute is appropriate when there has been "a clear record of delay or contumacious conduct by the plaintiff." *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. Ark. 1993)(*citing Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986)).  A dismissal under this rule is an "extreme sanction" that should be used only in cases of willful disobedience of a court order or where a litigant has exhibited a pattern of intentional delay.  *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).  Plaintiff need not have acted in bad faith to warrant dismissal with prejudice for failure to prosecute, but the court must find that the plaintiff

"acted intentionally as opposed to accidentally or involuntarily." *Id. (quoting Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). The Court must weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party. *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The sanction must be proportionate to the litigant's transgressions. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). Dismissal of a complaint for failure to prosecute is a drastic and extremely harsh sanction. *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999). What constitutes "failure to prosecute," justifying dismissal, is not fixed by settled rules but depends on the particular facts and circumstances in a case. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217. (8th Cir. 1975).

## III. Discussion

Defendants filed their Motion to Dismiss on January 19, 2012. (Doc. 10). The Plaintiffs requested two extensions of time in which to respond. (Docs. 18, 20).

In their motions for extensions, Plaintiffs cited the judicial economy of waiting for resolution of "identical" issues in two pending cases. After initiating this lawsuit,

Plaintiffs' attorneys filed a class action in the United States Bankruptcy Court, Eastern District of Arkansas. *Mhoon, et al. v. Deutsche National Bank Trust* Company, No. 3:AP-01252. (Docs. 18, 20). This matter was stayed on April 17, 2012, and voluntarily dismissed by Plaintiffs on May 29, 2012. In the second related lawsuit, *Deutsche National Bank Trust Company v. Collins*, Plaintiffs' attorneys had pending a Petition to Appeal the remand order from the Western District of Arkansas (Texarkana Division) back to the Circuit Court of Miller County. No. CV2010-292-1. (Docs. 18, 20). Plaintiffs maintained that no action could be taken to consolidate the present case with *Collins* until the Eighth Circuit ruled on the pending motion. Since then, the Eighth Circuit has denied the petition for permission to appeal the remand. No. 12-8007, April 11, 2012.

A jury trial in this matter is scheduled for July 16, 2012, but the parties have conducted no discovery and recently requested to reschedule their settlement conference, originally scheduled for June 20, 2012.

The two related cases have now been concluded and the Court can find no reason for further delay in this matter. The Court finds that the Plaintiffs' conduct has not been so contemptuous as to warrant the dismissal of this action. Sanctions may be imposed later as determined to be appropriate.

**IV.  Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that the parties are to hold their Rule 26(f) conference and file their report within **ten (10)** days.  The Court will issue a Final Scheduling Order immediately thereafter.   IT    IS    FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 10) is **DENIED** and the parties' Joint Motion for Continuance (Doc. 29) is **DENIED.**

IT IS SO ORDERED this 22nd day of June, 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge